Israel Saperstein (CA Bar No. 084471)
**SAPERSTEIN LAW FIRM**
3828 Carson Street, Suite 102
Torrance, CA 90503
is@sapersteinlawfirm.com
Telephone: 424.456.0005
Facsimile: 310.543.9850

Attorneys for Paul A. Forbrich, Movant and
Interested Party

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO.  2:09-bk-37256-BR |
| JUAN VELASQUEZ and | Chapter 7 |
| NEOME D. VELASQUEZ | **Motion for Order Deeming Abandoned That Certain Real Property Commonly Known as 1818 Avenida Feliciano, Rancho Palos Verdes, CA 90275; Memorandum of Points and Authorities; Declaration of Paul Forbrich; Declaration of Israel Saperstein; Request for Special Notice** |
| Debtors. | |

*(Notice of this Motion is being filed and served concurrently under separate caption.)*

DATE:    To be set only if Opposition and Request for Hearing is served on Attorney for Movant *(See upper left corner of this document)*

TIME:    *(none set at this time)*

PLACE:  Courtroom 1668
255 East Temple Street
Los Angeles, CA 90012

**TO THE COURT, US TRUSTEE, CHAPTER 7 TRUSTEE, ALL CREDITORS, AND ALL OTHER INTERESTED PARTIES,**

**PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rule (LBR) 9013-1(o), based upon due notice and an opportunity for creditors and other interested parties

*Saperstein Law Firm*
*3828 Carson Street, Suite 102*
*Torrance, California 90503*
*TEL. 424.456.0005 • FAX 310.543.9850*

1   to request a hearing, Paul Forbrich (**"Forbrich"**), a party interested in purchasing the

2   above referenced real property (**the "Property"**) in a short sale, will and does hereby

3   move the above entitled court (**the "Court"**) to enter an order deeming the Property

4   abandoned by Heidie Kurtz, the Chapter 7 trustee (**the "Trustee"**) in the above

5   captioned bankruptcy estate (**the "Estate"**).

6          This motion is made on the grounds that the Property has no value to the Estate,

7   and *for all intents and purposes* the Trustee already abandoned the Property when the

8   Trustee declined to oppose a successful motion for relief from the automatic stay to

9   foreclose on the Property, which was brought by the undersecured first mortgagee,

10  JPMorgan Chase Bank, National Association (**"Chase"**).  This motion is further brought

11  pursuant to 11 USC § 554(b), Rule 6007 of the Federal Rules of Bankruptcy Procedure

12  (**"FRBP"**), Local Bankruptcy Rules (**"LBR"**) 6007-1(c), 6007-1(d)(1), and 6007-1(d)(2).

13         This motion is based upon the attached Memorandum of Points and Authorities,

14  the declarations of Paul Forbrich and Israel Saperstein, the documentary evidence which

15  is the subject of movant's request for Judicial Notice, such argument and evidence that

16  may be adduced at a hearing, should one be requested, and such other matter as the

17  court deems just and proper.

18         **WHEREFORE**, Forbrich requests that the Court enter an order deeming

19  abandoned by the Trustee and the Estate that certain real property commonly known as

20  1818 Avenida Feliciano, Rancho Palos Verdes, CA 90275.  The legal description is:

21  **ALL of lot 60 and that portion of lot 5 of tract no. 24436, in the city of Rancho Palos
    Verdes, County of Los Angeles, State of California, as per map recorded in book 653,**

22  **pages 96 to 100 inclusive of maps, in the office of the county recorder of said county.**

23

24  DATED: January 13, 2010                    **Saperstein Law Firm**

25

26                                             By:  _Israel Saperstein_

27                                             ISRAEL SAPERSTEIN
                                               Attorneys for Paul Forbrich

28

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of his Motion for entry of an Order Deeming Abandoned That Certain Real Property Commonly Known as 1818 Avenida Feliciano, Rancho Palos Verdes, CA 90275, Forbrich presents the following memorandum of points and authorities:

### I.

### INTRODUCTION

Forbrich entered a contract to buy the Property in a short sale. The contract was coordinated with the first mortgagee, Chase, who is <u>undersecured</u>. There is no other mortgage on the Property. The contract was signed by Forbrich, Juan Velasquez (**"Debtor"**), and Neome Velasquez (**"Joint Debtor"**) (Debtor and Joint Debtor are referred to collectively as **"Debtors"**). Forbrich, Debtors, and Chase proceeded on the belief they could complete the sale notwithstanding the open Estate because an order of the Court granted Chase leave to conduct a foreclosure sale approximately six months earlier.

Forbrich attempted to close the short sale in December of 2010, but he ran into an impediment. The title company engaged to underwrite title insurance for the short sale, Progressive Title Company (**"Progressive"**), advised Forbrich that it could not do so because the Debtors' bankruptcy case was still open. That being the case, technically speaking, the Property remained property of the bankruptcy estate. Progressive suspended issuance of a title policy advising that Chase's order for Relief from the Automatic Stay, which gave Chase leave to conduct a foreclosure sale, is insufficient to authorize a consensual sale of the Property.

Forbrich obtained a brief extension of time from Chase to close the short sale. He also retained the Saperstein Law Firm to work on clearing the bankruptcy impediments that are inhibiting Progressive from selling Forbrich title insurance. Progressive conferred with Forbrich's counsel, and they agreed that title must revert to the Debtors in order for the Debtors to have legal capacity to sign a contract for the short sale of the Property. Progressive agreed that if Forbrich's counsel could obtain an order of the Court deeming

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1  the Property abandoned by the Estate, that would be sufficient to abrogate the title

2  insurance problem.  Such an order would revest Debtors with legal title during the

3  pendency of their bankruptcy case, and it would reinstate their legal capacity to

4  consummate the transfer of the property in the prospective short sale.

5       Forbrich has invested considerable time, energy, and money toward his attempt to

6  acquire the Property.   He is in jeopardy of losing everything he put into that effort if he is

7  unable to close the short sale as soon as possible.  The Property is of no worth to the

8  Estate, and it is unofficially already abandoned by the Trustee.  Consequently, in the

9  interest of equity and justice, Forbrich respectfully prays for the Court to enter the order of

10  abandonment specified in this Motion at the earliest time legally possible.

11  II.

12  **STATEMENT OF FACTS**

13       On October 7, 2009 the Debtors filed a Chapter 7 petition in bankruptcy.  The

14  Debtors attested in Schedule A of the petition that the value of the Property on the

15  petition date was $570,000 and the balance due on Chase's note secured by the

16  Property exceeded $570,000.  Schedule D indicated that the total amount of Chase's

17  Claim was $599,064, and the unsecured portion thereof amounted to $29,064.  Forbrich

18  requests the Court to take Judicial Notice of the Debtors' bankruptcy petition and the

19  Debtors' admissions therein.

20       On October 28, 2009, CHASE filed a Motion for Relief from Automatic Stay to

21  foreclose upon 1818 Avenida Feliciano, Rancho Palos Verdes, CA 90275.  Chase

22  pleaded and provided evidence for the following findings of fact and conclusions of law:

23  (i) Chase's interest in the collateral is **not protected by an adequate equity cushion**.

24  (See ¶ 3a, Motion); (ii) **Debtor has no equity** in the property and the property is not

25  necessary for an effective reorganization (See ¶ 3b, Motion); (iii) Debtor's statement of

26  intention is to **abandon the Property** (See ¶ 4, Motion).  In the Declaration of Penny

27  Aston of Chase she stated under oath that as of 10/28/2009 Chase's Secured Claim had

28  a total balance of $622,310.00 with monthly interest accruing at the annual rate of

4

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1  6.875% and late charges accruing in the amount of $284 per month.  She also estimated

2  that the Cost of Sale will be approximately $45,600.  There is no second mortgage.  In

3  summary, the total debt secured by the Property was $667,909.61 as of 10/28/2009 and

4  with additional accrued interest over the past year of $42,784, the total balance owed to

5  Chase at this time is approximately **$710,694.00**.  Forbrich requests the Court to take

6  Judicial Notice of the Motion for Relief from the Automatic Stay that was filed by Chase.

7  A true and correct copy of Chase's  Motion for Relief from the Automatic Stay is attached

8  to the Declaration of Israel Saperstein as Exhibit "1," and it is fully incorporated herein by

9  this reference.

10         On December 9, 2009, the Court entered an ORDER granting CHASE relief from

11  the automatic stay allowing Chase to proceed with a foreclosure sale.  At ¶ 1 of the Order

12  the Court makes a finding that the motion was completely **Uncontested**.  Clearly, the

13  Trustee, concluded that the Property was and is of no value to the Estate whatsoever,

14  and the Trustee declined to oppose Chase's motion.  In effect, at the time of Chase's

15  motion, the Trustee **ABANDONED** all claim to the Property on behalf of the Estate.

16  Frobrich requests the Court to take Judicial Notice of the Order Granting Chase's Motion

17  for Relief from the Automatic Stay.  A true and correct copy of Chase's  such Order is

18  attached to the Declaration of Israel Saperstein as Exhibit "2," and it is fully incorporated

19  herein by this reference.

20         On June 2, 2010, Forbrich executed an agreement entitled "California Residential

21  Purchase Agreement and Joint Escrow Instructions" **(the "Agreement")**.  The Debtors

22  are the other parties to the Agreement.  Forbrich worked with Chase in coordinating the

23  execution of the Agreement.  Forbrich agreed to pay $600,000.00 for the purchase of the

24  Property in a short sale.  A true and correct copy of the Agreement is attached to the

25  Declaration of Paul Forbrich as Exhibit "1," and it is fully incorporated herein by this

26  reference.  (Note: Since the copy of the Agreement that is executed by all the parties is

27  difficult to read in part due to copy deterioration, an additional copy of the Agreement,

28  which is executed by Forbrich only, is included in Exhibit "1" for the benefit of legibility.)

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1   The Agreement originally provided for escrow to close in approximately thirty days.

2   However, Chase cooperated with Forbrich by indicating it was willing to extend the

3   closing date.

4        On October 20, 2010, Forbrich and the Debtors executed an "Addendum."  The

5   addendum increased the Purchase price to $640,000.  A true and correct copy of the

6   Agreement is attached to the Declaration of Paul Forbrich as Exhibit "2," and it is fully

7   incorporated herein by this reference.

8        Forbrich attempted to close escrow in December of 2010, but he was *blindsided*

9   by the unexpected title insurance problem that was communicated to him by Progressive

10  (as discussed above).  Progressive has agreed that it will underwrite title insurance in

11  Forbrich's favor if and when the Court enters an order deeming the Property abandoned,

12  or when the Debtor's bankruptcy case is closed, whichever occurs first.  Chase is

13  showing some impatience with delays in getting the short sale closed, and Forbrich is

14  attempting to get confirmation from Chase that it will go forward with the short sale so

15  long as Forbrich is proceeding diligently with a motion for abandonment.  Forbrich is

16  making efforts to get Chase's agreement to move the closing date to February 15, 2011,

17  subject to a further extension upon showing progress with this Motion.

18       Forbrich is on the verge of completing the purchase of the Property.  However, the

19  situation is tenuous, and time is of the essence.  It is urgent that the Court grant this

20  Motion at the earliest time legally appropriate to avoid an injustice to Forbrich from

21  occurring.

22                                   III.

23                    **POINTS OF LAW AND ARGUMENT**

24       The Bankruptcy Code gives Forbrich standing to bring this Motion.  Federal statute

25  11 USC § 554(b) provides in pertinent part:

26              (a) … (b) On request of a party in interest and after notice and a
            hearing, the court may order the trustee to abandon any property of
27          the estate that is burdensome to the estate or that is of
            inconsequential value and benefit to the estate.  (c) …(d) Unless
28          the court orders otherwise, property of the estate that is not

                                    6

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL 424.456.0005 • FAX 310.543.9850

abandoned under this section and that is not administered in the case remains property of the estate.

The Trustee has admitted by her conduct that the Property has no value to the Estate, and she has clearly manifested her intention to abandon the Property. She did this by declining to oppose Chase's motion for leave to foreclose. Moreover, based upon the doctrine of res judicata and/or judicial collateral estoppel the Court has made a binding determination that there is no equity in the Property and the Property has no value to the Estate. The effect of these doctrines is to preclude the Trustee, at this point in time, from asserting that the Property has any value to the Estate. (There is actually no need to apply these doctrines since it is indisputable that there is no equity in the Property for the Estate and the Property is worthless to the Estate.)

Rule 6007 of the Federal Rules of Bankruptcy Procedure sets forth the procedure for a party in interest to obtain an order of abandonment, in pertinent part, as follows:

**(a) Notice of proposed abandonment or disposition; objections; hearing. Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees … . A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.    (b) Motion by party in interest. A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.**

As can be seen by these papers, this Motion, and the Notice of Motion (being filed concurrently with this Motion) is in full compliance with the requirements of Rule 6007, and the Local Rules of the US Bankruptcy Court of the Central District of California (set forth below).

LBR 6007-1(b) provides as follows:

**Motion to Compel Abandonment. An order compelling the case trustee or debtor in possession to abandon property of the estate may be obtained upon motion of a party in interest after notice of opportunity for hearing pursuant to LBR 9013-1(o)(1).**

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1    LBR 6007-1(c) provides as follows:

2    **(c) Notice. (1) Content.  Notice of either an intent to abandon or motion to**
**compel abandonment must (a) describe the property to be abandoned,**
3    **including the address of the property, if applicable; (b) state the basis**
**upon which the party seeking abandonment concludes that the property**
4    **is burdensome to the estate or that it is of inconsequential value or**
**benefit to the estate; and (c) state that any objection and request for**
5    **hearing must be filed and served not more than 14 days after service of**
**the notice, unless the notice specifies a longer period or unless**
6    **otherwise ordered by the court. (2) Parties to Be Served.  The notice**
**must be served on those listed in FRBP 6007(a)**
7

8    LBR 6007-1(d)(1) provides as follows:

9    **(d) Absence of Objection and Request for Hearing.  (1) If no timely**
**objection and request for hearing is filed and served, the property is**
10    **DEEMED ABANDONED without further order of the court.  (2) If an entity**
**desires an order of the court authorizing or directing, and confirming,**
11    **the case trustee's or debtor in possession's abandonment of the**
**property, that entity may lodge a proposed form of order with the court**
12    **in accordance with the procedure set forth in LBR 9013-1(o)(3).**

13    This subsection is a follow-on to the prior sub-sections, and it applies to any

14    interested party making a motion to compel (as well as the trustee.)  According to these

15    rules, if this Motion goes uncontested, no further action is required for Forbrich to

16    effectuate abandonment of the Property.  Nevertheless, this rule contemplates that there

17    may be a necessity to obtain a court order, and it makes provision for that.  In this case,

18    Progressive, the title company, is requiring a court order.  Based thereon, to be assured

19    Progressive has what it needs to underwrite a title insurance policy for Forbrich with

20    minimal delay, Forbrich hereby requests and intends to lodge an order consisting of the

21    following form and content:

22    IT IS HEREBY ORDERED AS FOLLOWS:

23    1. The Motion of Paul Forbrich **("Forbrich")** for entry of an Order Deeming

24    Abandoned That Certain Real Property **("The Motion")** Commonly  Known as 1818

25    Avenida Feliciano, Rancho Palos Verdes, CA 90275 **(the "Property")** is granted in its

26    entirety.

27    ///

28    ///

1        3.  The legal description of the Property, which is the subject of The Motion, is as

2    follows:

3        **ALL of lot 60 and that portion of lot 5 of tract no. 24436, in the city of Rancho**

4        **Palos Verdes, County of Los Angeles, State of California, as per map recorded in**

5        **book 653, pages 96 to 100 inclusive of maps, in the office of the county recorder**

6        **of said county**

7        2.  By operation of this Order, the Property is hereby deemed abandoned, and

8    neither the above captioned bankruptcy estate nor the Chapter 7 trustee has any further

9    legal claim to the Property.

10       3.  Legal title to the Property is hereby revested with Juan Velasquez and Neome

11   D. Velasquez, the joint debtors **(the "Debtors")** in the above captioned bankruptcy case.

12       4.  The Debtors are hereby authorized and directed to execute all papers

13   necessary to complete the short sale that is the subject of the Motion and the subject of

14   the agreement for the short sale, which was executed by the Debtors and Forbrich on or

15   about June 2, 2010 and attached as an exhibit to the Motion.

16                                         I.

17                           **CONCLUSION**

18       In view of all of the foregoing, Forbrich respectfully requests that the Court enter its

19   order on this Motion according to the form and content set forth just above, at the end of

20   the last section herein.

21

22

23

24   DATED: January 13, 2010        **Saperstein Law Firm**

25

26                                     By: _Israel Saperstein_

27                                     ISRAEL SAPERSTEIN

28                                     Attorneys for Paul Forbrich

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

### DECLARATION OF PAUL FORBRICH

I, Paul Forbrich, declare as follows:

1.    I am the moving party in this Motion. I am over the age of 18, and I am a resident of Los Angeles County, California.

2.    I have personal knowledge of the matters set forth herein, and if I am called upon to testify about those matters, I can and will competently do so.

3.    Capitalized terms that are defined in the Motion above are used in this declaration, and they have the same meaning in this declaration as they have in the Motion.

4.    I am attempting to purchase the Property in a short sale. As a brief overview, the following is a general description of my relation to the Property and the bankruptcy Estate:

    a.  I entered a contract to buy the Property in a short sale.

    b.  The contract was coordinated with the first mortgagee, Chase, who is undersecured.

    c.  There is no other mortgage on the Property.

    d.  The contract was signed by me, and Debtors. Debtors, Chase, and I proceeded with the prospective short sale on the belief we could complete the sale notwithstanding the open Estate because an order of the Court granted Chase leave to conduct a foreclosure sale approximately six months earlier than the time the contract was signed for the prospective short sale.

    e.  I attempted to close the short sale in December of 2010, but I ran into an impediment. Progressive, the title company engaged to underwrite title insurance for the short sale, advised me, through my agent, that it could not do so because the Debtors' bankruptcy case was still open. That being the case, technically speaking, the Property remained property of the bankruptcy estate.

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1    f. Progressive suspended issuance of a title policy advising that Chase's

2 order for Relief from the Automatic Stay, which gave Chase leave to conduct a

3 foreclosure sale, is insufficient to authorize a consensual sale of the Property.

4    g. I obtained a brief extension of time from Chase to close the short sale.

5    h. I also retained the Saperstein Law Firm to work on clearing the bankruptcy

6 impediments that are inhibiting Progressive from selling me title insurance.

7    i. I learned through email messages that Progressive conferred with my

8 counsel, and they agreed that title must revert to the Debtors in order for the Debtors to

9 have legal capacity to sign a contract for the short sale of the Property.

10    j. I also learned through email messages more about the process as follows:

11 Progressive agreed that if my counsel could obtain an order of the Court deeming the

12 Property abandoned by the Estate, that would be sufficient to abrogate the title insurance

13 problem.  Such an order would revest Debtors with legal title during the pendency of their

14 bankruptcy case, and it would reinstate their legal capacity to consummate the transfer of

15 the property in the prospective short sale.

16    k. I have invested considerable time, energy, and money toward my attempt

17 to acquire the Property.  I am concerned that I am in jeopardy of losing everything I put

18 into that effort if I am unable to close the short sale as soon as possible.

19    l. It is clear to me from the circumstance of this matter that the Property is of

20 no worth to the Estate, and it is unofficially already abandoned by the Trustee.

21 Therefore,  in the interest of equity and justice, I respectfully ask the Court to enter the

22 order of abandonment specified in the Motion at the earliest time legally possible.

23   5. On June 2, 2010, I executed an agreement entitled "California Residential

24 Purchase Agreement and Joint Escrow Instructions" **(the "Agreement")**.  The Debtors

25 are the other parties to the Agreement.

26   6. I worked with Chase in coordinating the execution of the Agreement.

27   7. I agreed to pay $600,000.00 for the purchase of the Property in a short sale.

28 A true and correct copy of the Agreement is attached to my declaration as Exhibit "1,"

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1 and it is fully incorporated herein by this reference.  (Note: Since the copy of the

2 Agreement that is executed by all the parties is difficult to read in part due to copy

3 deterioration, an additional copy of the Agreement, which is executed by me only, is

4 included in Exhibit "1" for the benefit of legibility.)

5      8.   The Agreement originally provided for escrow to close in approximately thirty

6 days.  However, Chase cooperated with me by indicating it was willing to extend the

7 closing date.

8      9.   On October 20, 2010, Forbrich and the Debtors executed an "Addendum."

9 The addendum increased the Purchase price to $640,000.  A true and correct copy of the

10 Agreement is attached to my declaration as **Exhibit "2,"** and it is fully incorporated

11 herein by this reference.

12      10.  I attempted to close escrow in December of 2010, but I was *blindsided* by an

13 unexpected title insurance problem that was communicated to me by Progressive (as

14 discussed above in ¶ ¶ 4(e) and 4(f)).

15      11.  I have been advised that Progressive will underwrite title insurance in my

16 favor if and when the Court enters an order deeming the Property abandoned, or when

17 the Debtor's bankruptcy case is closed, whichever occurs first.

18      12.  Chase is showing some impatience with delays in getting the short sale

19 closed, and I am attempting to get confirmation from Chase that Chase will go forward

20 with the short sale so long as I am proceeding diligently with a motion for abandonment.

21      13.  I am making efforts to get Chase's agreement to move the closing date to

22 February 15, 2011, subject to a further extension upon showing progress with this

23 Motion.

24      14.  I am on the verge of completing the purchase of the Property.  However, I am

25 distressed that the situation is tenuous.  I believe I must get Progressive to underwrite a

26 title insurance policy very soon or I could lose my chance to close the short sale.  Time is

27 running out.  It is critical that I get the order of abandonment from the Court at the

28 soonest possible time.

1        15.  It would be unjust if I were denied my chance to buy the Property after all the

2    time, energy, and money I expended on this endeavor.

3        I declare under penalty of perjury under the laws of California and the United

4    States that the foregoing is true and correct, and this declaration was executed on

5    January 13, 2011 at Los Angeles County, California.

6

7

8                                                    Paul Forbrich

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL.424.456.0005 • FAX 310.543.9850

**DECLARATION OF ISRAEL SAPERSTEIN**

**and REQUEST FOR JUDICIAL NOTICE**

1.    I am the attorney for the moving party in this Motion.  I am licensed to practice law in the state of California, and I am duly admitted to practice law before the above entitled court, as well as all courts of the California judicial system and federal courts for all districts located in the state of California.

2.    I have personal knowledge of the matters set forth herein, and if I am called upon to testify about those matters, I can and will competently do so.

3.    Capitalized terms that are defined in the Motion above are used in this declaration, and they have the same meaning in this declaration as they have in the Motion.

4.    I reviewed the Court docket with respect to the Debtors' Chapter 7 Bankruptcy Case.  I became familiar with the documents filed in the case.  I studied the Debtors' bankruptcy petition and schedules.  On behalf of the moving party herein, I request the Court take **Judicial Notice** of the Debtors' bankruptcy petition and schedules and the Debtors' admissions contained therein.  Pertinent excerpts of the Debtors' schedules are attached as exhibits to Chase's Motion for Relief from the Automatic Stay, which was filed with the Court on October 28, 2009.  A copy of Chase's motion and exhibits are referenced below, and the motion and exhibits are attached to this declaration.

5.    The Debtors filed their Chapter 7 petition in bankruptcy On October 7, 2009. The Debtors attested in Schedule A of the petition that the value of the Property on the petition date was $570,000 and the balance due on Chase's note secured by the Property exceeded $570,000.  Schedule D indicated that the total amount of Chase's Claim was $599,064, and the unsecured portion thereof amounted to $29,064.

6.    On October 28, 2009, CHASE filed a Motion for Relief from Automatic Stay (**"Chase's Motion"**) to foreclose upon 1818 Avenida Feliciano, Rancho Palos Verdes, CA 90275.

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

7.    Chase pleaded and provided evidence for the following findings of fact and conclusions of law: (i) Chase's interest in the collateral is **not protected by an adequate equity cushion**.  (See ¶ 3a, Chase's Motion); (ii) **Debtor has no equity** in the property and the property is not necessary for an effective reorganization (See ¶ 3b, Chase's Motion); (iii) Debtor's statement of intention is to **abandon the Property** (See ¶ 4, Chase's Motion).

8.    In the Declaration of Penny Aston of Chase she stated under oath that as of 10/28/2009 Chase's Secured Claim had a total balance of $622,310.00 with monthly interest accruing at the annual rate of 6.875% and late charges accruing in the amount of $284 per month.  She also estimated that the Cost of Sale will be approximately $45,600.

9.    Chase's Motion indicates that there is no second mortgage.

10.    In summary, according to Chase's Motion, the total debt secured by the Property was $667,909.61 as of 10/28/2009.  With additional accrued interest over the past year of $42,784, the total balance owed to Chase at this time is approximately **$710,694.00**.

11.    On behalf of the moving party herein, I request the Court take **Judicial Notice** of the Motion for Relief from the Automatic Stay that was filed by Chase.  A true and correct copy of Chase's Motion for Relief from the Automatic Stay with exhibits is attached hereto as **Exhibit "1,"** and it is fully incorporated herein by this reference.

12.    On December 9, 2009, the Court entered an ORDER granting CHASE relief from the automatic stay allowing Chase to proceed with a foreclosure sale. At ¶ 1 of the Order the Court makes a finding that the motion was completely **uncontested**.

13.    The Trustee declined to oppose Chase's Motion.  I think it is clear from her inaction that the Trustee decided the Property was and is of no value to the Estate whatsoever.  In effect, at the time of Chase's Motion, the Trustee **ABANDONED** all claim to the Property on behalf of the Estate.

14.    On behalf of the moving party herein, I request the Court take **Judicial Notice** of its Order Granting Chase's Motion for Relief from the Automatic Stay.  A true

Saperstein Law Firm
3828 Carson Street, Suite 102
Torrance, California 90503
TEL. 424.456.0005 • FAX 310.543.9850

1 and correct copy of the Court's Order on Chase's Motion is attached hereto as **Exhibit**

2 **"2,"** and it is fully incorporated herein by this reference.

3    15.   At the end of December, 2010 and at the beginning of January, 2011, I had

4 various discussions with representatives of Progressive Title Company regarding its

5 refusal to underwrite title insurance for the short sale based upon the current status of the

6 Debtors' bankruptcy case. I spoke with Danielle Kenney and Werner Weissig.

7    16. Progressive has agreed that it will underwrite title insurance in Forbrich's favor

8 if and when the Court enters an order deeming the Property abandoned, or when the

9 Debtor's bankruptcy case is closed, whichever occurs first.

10    17. Based on my review of correspondence I received from my client, I see that

11 Chase is showing some impatience with delays in getting the short sale closed.

12 However, Forbrich is attempting to get confirmation from Chase that it will go forward with

13 the short sale so long as Forbrich is proceeding diligently with a motion for abandonment.

14    18. Forbrich is making efforts to get Chase's agreement to move the closing date

15 to February 15, 2011, subject to a further extension upon showing progress with this

16 Motion.

17    16.   Forbrich is on the verge of completing the purchase of the Property.

18 However, the situation is tenuous, and time is of the essence. It is urgent that the Court

19 grant this Motion at the earliest time legally appropriate to avoid an injustice to Forbrich

20 from occurring.

21    I declare under penalty of perjury under the laws of the United States and the state

22 of California that the foregoing is true and correct, and this declaration was executed in

23 Los Angeles County, California on January 13, 2011.

ISRAEL SAPERSTEIN

16

Proof of Service of Motion to Deem Abandoned Real Property

| In re | CHAPTER: 7 |
|---|---|
| JUAN VELASQUEZ AND NEOME D. VELASQUEZ | CASE NO:   2:09-bk-37256-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**SAPERSTEIN LAW FIRM, 3828 Carson Street, Suite 102, Torrance, CA 90503**

A true and correct copy of the foregoing document described as ***Motion for Order Deeming Abandoned Real Property commonly known as 1818 Avenida Feliciano, Rancho Palos Verdes, CA 90275***  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**EXPRESS OVERNIGHT U.S. MAIL:**
The Honorable Barry Russell, U.S. Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012-3332

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***January 12, 2011,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**SEE ATTACHMENT FOR ELECTRONIC MAIL NOTICE LIST.**

☒ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***January 12, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**First Class U.S. Mail** service upon **ALL CREDITORS** - see attachment for list of creditors served.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 12, 2011 | ISRAEL SAPERSTEIN, Esq. | *Israel Saperstein* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                **F 9013-3.1.PROOF.SERVICE**

| In re | CHAPTER: 7 |
| JUAN VELASQUEZ AND NEOME D. VELASQUEZ | CASE NO:   2:09-bk-37256-BR |

## CONTINUATION OF PROOF OF SERVICE SECTIONS AS FOLLOWS

### I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Arturo M Cisneros    arturo@mclaw.org
- 
- Ben G Gage    bgage@cookseylaw.com
- 
- Kevin Hahn    kevin@mclaw.org
- 
- James Andrew Hinds    jhinds@jhindslaw.com
- 
- Mehrdaud Jafarnia    bknotice@mccarthyholthus.com
- 
- John H Kim    jkim@cookseylaw.com
- 
- Kary R Kump    dolores@jfarley.com
- 
- Heide Kurtz (TR)    trustee@hkurtzco.com, ca45@ecfcbis.com
- 
- Eve A Marsella    emarsella@lawcgm.com
- 
- Hanna B Raanan    hbraanan@gmail.com
- 
- Nathan F Smith    nathan@mclaw.org
- 
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

### II. SERVED BY FIRST CLASS U.S. MAIL:

### SEE MAILING MATRIX ON FOLLOWING PAGES:

Page 4

Label Matrix for local noticing
0973-2
Case 2:09-bk-37256-BR
Central District Of California
Los Angeles
Fri Jan  7 14:40:07 PST 2011

Carrington Mortgage Services, LLC
Malcolm ˜ Cisneros
2112 Busine Sent by Court
Second Floo Notice of Electronic
Irvine, CA Mail

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
ATTN: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
Malcolm ˜ Cisneros
A Law Corpor Sent by Court
2112 Busines Notice of Electronic
Second Floor Mail
Irvine, CA 9

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

OneWest Bank, FSB
Malcolm Cisneros Sent by Court
2112 Business Center Notice of Electronic
Irvine, CA 92612-7135 Mail

Onewest Bank F.S.B. successor in interest to
c/o Law Offices of Farley & Kump, LLP
P.O. Box 2480 Sent by Court
Ventura, CA 9300 Notice of
Electronic Mail

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332
N/A

Agrules Monching
1978 Avenieda Feliciano
Rancho Palos Ver, CA 90275-1007

Aida Quijano
22428 De Berry St.
Grand Terrace, CA 92313-5483

Alberto Zafna
15702 Madris Ave.
Norwalk, CA 90650-6760

Aldino Baecilio
1011 Sta. Rena Dr.
Rancho Palos Ver, CA  90275

Alexander Barrado
2233 Sycamore Avenue
Orange, CA 92868-1935

Americatel
P.O. Box 515319
Dallas, TX  75251-5319

Andes Llanto
2304 Cane Hill Ave.
Long Beach, CA 90815-2213

Angeli Tiu
19635 Appletree Ridge Drive
Houston, TX  77084

Angelique & Steven Gradney
First Nations Funding
4401 Atlantic Ave., Suite 415
Long Beach, CA 90807-2253

Antonio Baldo
10065 Schuler Ranch Road
Elk Grove, CA 95757-5508

Arnel Talisic
14547 Vanowen Street
Van Nuys, CA 91405-3941

Arnold Consular
28215 Palos Verdes Drive
Rancho Palos Ver, CA 90275-5122

Bank of America
800 N. Western Avenue
San Pedro, CA 90732-2426

Bank of America
P.O. Box 851001
Dallas, TX  75285-1001

Brigida Ignacio
12485 Walsh Avd., Apt 7
Los Angeles, CA 90066-6494

Burgr da Ignacio
22 Cayuse Lane
Rancho Palos Ver, CA 90275-5173

C Reynaldo Galarpe
401 West 3rd St., #416
San Pedro, CA 90731-2663

Carmelo Escaran
1818 Avendia Felciiano
Rancho Palos Ver, CA 90275-1005

Carmelo Escaran
458 E. 231st Street
Carson, CA 90745-4922

Cecilia Diaz Molina Mendoza
533 E. 222th Street
Carson, CA 90745-3246

Celso Nicolas
1132 N. Wilimington Ave.
WIlmington, CA 90744-3200

Chantalle Mac Magana
12328 Mountain View
Costa Mesa, CA  92628

Club Wyndham
P.O. Box 98940
Las Vegas, NV  89193-8940

Danito Gutierez
819 S. Burnside Ave.
Los Angeles, CA 90036-4744

Delfen Andres
27604 Alvesta Place
Rancho Palos Ver, CA 90275-1019

Efren Alcantara
1214-1-3 Avenue De Lam
Delano, CA  93215

Ellen Mordeno
1818 Avenida Feliciano
Rancho Palos Ver, CA 90275-1005

Ernesto Santiago
1978 Ave. Feliciano
Rancho Palos Ver, CA 90275-1007

Flagstar Bank
Box 371891
Pittsburgh, PA  15250-7891

Hannah Nicolas
1132 N. Wilmington Ave.
WIlmington, CA 90744-3200

Indymac Bank
P.O. Box 78826
Phoenix, AZ  85062-8826

Chase
Cardmember Service
P.O. Box 94014
Palatine, IL  60094-4014

Danelo C. Landicho
15215 S. Raymond Ave.
Gardena, CA 90247-3441

Dante Cagayan
c/o Robert R. Ronne
840 Apollo Street., Suite 307
El Segundo, CA 90245-4763

Delia Tiu
1851 Redondela Drive
Rancho Palos Ver, CA 90275-1036

Efren Pineda
1040 N. 223rd St
Torrance, CA 90502-2247

Erlonda Palima
3722 Brayton Ave
Long Beach, CA 90807-4223

Esterlita Ladrona
3332 W. 157th Street
Gardena, CA 90249-4410

Flygie Ann Duenas
22 Cayuse Lane
Rancho Palos Ver, CA 90275-5173

Hart, King & Coldren, APLC
200 Sandpointe, Fourth Floor
Santa Ana, CA  92707

Indymac Federal Bank
P.O. Box 78826
Phoenix, AZ  85062-8826

Clinton Hallaway
c/o Maynard/Linda
1324 Crown Way
Paso Robles, CA 93446-1858

Danelo Peteros
5745 Rancho Palos Verdes
Rancho Palos Ver, CA  90275

Del Vela Estate Guest Homes
28215 Palos Verdes Dr. East
Rancho Palos Ver, CA 90275-5122

Dionius Rule
22919 Mariposa Ave.
Unit 405
Torrance, CA 90502-2622

Elizabeth Arcay
28215 Palos Verdes Dr. EAS
Rancho Palos Ver, CA 90275-5122

Ernesto Atuel
14701 Hamby Court
Moreno Valley, CA 92553-9429

Evangeline Romanes
2449-C Bright Ave.
Long Beach, CA  90810

Gloria Eleneta Mendoza
581 Los Rolde
Pasadena, CA 91101-1001

Identity Theft Protection
Processing Center
P.O. Box 40647
Nashville, TN  37204-0647

J.S. Paluch Co., Inc.
P.O. Box 2703
Schiller Park, IL 60176-0703

Jennifer Improso
21012 S. Main St.
Carson, CA 90745-1222

Jessilyn Cabahug
2011 Santa Rina
Rancho Palos Ver, CA 90275-1411

Jesus Zabala Jr.
1912 Irvine Blvd.
Tustin, CA 92780-3941


Jesusa Beltran Danan
21506 Moneta Avenue
Carson, CA 90745-1956

Jonahdette Peteros
5745 Rancho Palos Verdes
Rancho Palos Ver, CA  90275

Josefina Thomas Custodio
21228 S. Western Avenue
Torrance, CA 90501-2957


Joseph M. Villacorta
944 Oasis Drive
Torrance, CA 90502-2909

Josephina Dy
23420 Hemlock Avenue
Moreno Valley, CA 92557-8839

Josephine De la Cruz
2444 W. 235th St.
Long Beach, CA  90801


Julie Anne Asencion
12066 Landanda St.
#8
Los Angeles, CA  90066

Jun Anthony Dangcalan
2604 Moorland Ave.
West Covina, CA 91792-1936

Kimberely Ocampo
10632 Roscbury Ave.
Bloomington, CA 92316-2640


Lenora DeLeon
10511 Eagon Drive
Whittier, CA 90604-1127

Luzviminda Santos
2296 South Gardena St.
San Bernardino, CA 92408-3903

Maria Guadalupe Helanio
1978 Avenida Pelecianio
Rancho Palos Ver, CA 90275-1007


Maria Luisa Pizarro
1235 E. Carson St., #8
Carson, CA 90745-1687

Maria Theresa Oliva
26135 Moulton Pkwy
Laguna Hills, CA  92653

Marites Alarcon
4229 Grundry Ave.
Long Beach, CA  90807


Marites Lagpao
10571 S. Eagen Dr.
Whittier, CA  90604

Markel American Insurance Co
c/o Tharpe & Howell
15250 Ventura Blvd., 9th Floor
Sherman Oaks, CA  91403-3221

Marlena Satterfield
1940 Avenida Feliciano
Rancho Palos Ver, CA 90275-1007


Martin J. Bauer, CPA
18815 Crenshaw Blvd.
Suite B
Torrance, CA 90504-5936

Mary Lilebeth E. Racho
Villa Chresta
16421 Chanera Avenue
Torrance, CA 90504-1829

Melacia Gelacio
27604 Alvesta Place
Rancho.Palos Ver, CA 90275-1019


Mercedes-Benz Financial
P.O. Box 9001680
Louisville, KY  40290-1680

Mercedes-Benz of Financial
P.O. Box 9001680
Louisville, KY  40290-1680

Miguel Romeo
1940 Avenido Feliciano
Rancho Palos Ver, CA 90275-1007


Mony
P.O. Box 6866
New York, NY  10249-6866

Myrna Landico
15215 S. Raymond Ave.
Apt.14
Gardena, CA 90247-3459

N Celso Necolas
26909 Cercle Verde Drive.
Rancho Palos Ver, CA 90275-1055

Noreen Chan
12238 Spry Street
Norwalk, CA 90650-2067

Pablo Arturo
313 W. 230th St.
Carson, CA 90745-4711

Palos Verdes Paradise Homes In
2532 Colt Road
Rancho Palos Ver, CA 90275-6504

Ponciano Chua
7114 Bonita Ave.
Highland, CA 92346-3225

Reychee Ian Sotto
1331 W. 227th Street, #18
Torrance, CA 90501-5007

Rita Liza Narciso
435 North Serrano Ave.
Rm 208
Los Angeles, CA 90004-2748

Robert Nunez
5535 Canoga Ave., Apt 232
Woodland Hills, CA 91367-6636

Rodrigo Mira
1978 Ave. Feliciano
Rancho Palos Ver, CA 90275-1007

Romina Nelson
231 N. Trotwood Ave.
San Pedro, CA 90732-2731

Rommel Alcantara
4581 Wawoma St.
Los Angeles, CA 90065-5232

Ronald Obligacion
2611 Carson Street, Apt. C
Torrance, CA 90503-6151

Rosalinda Pajardo
2585 Delta Avenue
Long Beach, CA 90810-3311

Salvador Tabaranza
2011 Santa Rina
Rancho Palos Ver, CA 90275-1411

Sams Club
P.O. Box 530981
Atlanta, GA 30353-0981

Sams Club
P.O. Box 981064
El Paso, TX 79998-1064

Sears
P.O. Box 6283
Sioux Falls, SD 57117-6283

Sears Gold Card
P.O. Box 6282
Sioux Falls, SD 57117-6282

Sergio Gimeno
24624 Lakme Avenue
Wilmington, CA 90744-1117

Simplicia Sonia de los Santos
21228 S. Western Ave., Apt
Torrance, CA 90501-2957

Spiegel
P.O. Box 659705
San Antonio, TX 78265-9705

Thornburg Mortgage
P.O. Box 371891
Trenton, NJ 08628

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5524

Vicente Abellon Jr.
12626 Bellflower Blvd.
Downey, CA 90242-4812

Wachovia Mortgage
P.O. Box 60505
City of Industry, CA 91716-0505

Washington Mutual
P.O. Box 78148
Phoenix, AZ 85062-8148

Wells Fargo
28350 S. Western Ave.
Rancho Palos Ver, CA 90275-1499

Wells Fargo Bank
28350 S. Western Ave.
Rancho Palos Ver, CA 90275-1499

Wells Fargo Bank
P.O. Box 348750
Sacramento, CA 95834-8750

Wells Fargo Bank
P.O. Box 6995
Portland, OR 97228-6995

Wilson, Elser, Mokowitz, Edelm
555 S. Flower Street., Suite 2
Los Angeles, CA 90071-2300

Wood Soledad
1940 Avenida Feliciano
Rancho Palos Ver, CA 90275-1007

Eve A Marsella
3424 Carson St Ste 350
Torrance, CA 90503-5716

Heide Kurtz (TR)
2515 S. Western Avenue #11
San Pedro, CA 90732-4643

Juan Velasquez
2532 Colt Road
Ranchos Palos Verdes, CA 90275-6504

Necme D Velasquez
2532 Colt Road
Ranchos Palos Verdes, CA 90275-6504

Progessive Title Co.
Danielle Kenney &
Werner Weisig #PR1012125
425 W. Broadway, #300
Glendale, CA 91204

Peninsula Escrow, Inc.
Nadine Pate - #29494-NP
734 Silver Spur Rd., #104
Rolling Hills Estates CA 90274

The following recipients may be/have been bypassed for notice due to an undeliverable (u)  or duplicate (d) address.

(u) Daimler Trust

(u) TMST Home Loans, Inc, its assignees

(u) Wells Fargo Auto Finance, LLC

(u)David Mhodlevitz
22892 Bonita Lane
Lake 7, rest

(d)Flagstar Bank
P.O. Box 371891
Pittsburgh, PA  15250-7891

(d)Wells Fargo
28350 S. Western Avenue
Rancho Palos Ver, CA 90275-1499

End of Label Matrix
Mailable recipients    124
Bypassed recipients      6
Total                  130